

| | |
|---|---|
| DEUTSCHE BANK NATIONAL TRUST COMPANY, AS TRUSTEE FOR NEW CENTURY HOME EQUITY LOAN TRUST SERIES 2005-C, ASSET BACK PASS THROUGH CERTIFICATES<br><br>Plaintiff<br>v.<br><br>Richard Watson, and Cynthia Watson<br><br>Defendants | Case No. 1:15-CV-823<br><br><br><br>DEMANDS FOR IN PERSONAM HEARING |

## DEMANDS FOR IN PERSONAM JURISDICTION HEARING

Richard Watson and Cynthia Watson, a man and woman created by Nature and the Laws of Nature's God, currently living on the land of the United States, more specifically Texas, and not in the District of Columbia, politically as one of the "people of the United States," and not one of the "inhabitants of the United States," as recognized in Article III of the Definitive Treaty of Peace, 1783, hereby gives this Court DEMANDS FOR IN PERSONAM JURISDICTION HEARING and would show the Court the following:

Pursuant to the unanimous decision of the United States of America Supreme Court in *RUHRGAS AG v. MARATHON OIL CO. et al.*, 526 U.S. 574 (1999), where the Court stated: "Customarily, a federal court first resolves doubts about its jurisdiction over the subject matter, but there are circumstances in which a district court appropriately accords priority to a personal jurisdiction inquiry," at 578, because, "The requirement that jurisdiction be established as a threshold matter . . . is `inflexible and

1

without exception,' " at 577. With the result of, "After permitting jurisdictional discovery, the District Court dismissed the case for lack of personal jurisdiction. See App. 455. In so ruling, the District Court relied on Fifth Circuit precedent allowing district courts to adjudicate personal jurisdiction without first establishing subject matter jurisdiction."

> "The Court of Appeals accorded priority to the requirement of subject-matter jurisdiction because it is nonwaivable and delimits federal-court power, while restrictions on a court's jurisdiction over the person are waivable and protect individual rights. See *id.*, at 217-218. The character of the two jurisdictional bedrocks unquestionably differs. Subject-matter limitations on federal jurisdiction serve institutional interests. They keep the federal courts within the bounds the Constitution and Congress have prescribed. Accordingly, subject-matter delineations must be policed by the courts on their own initiative even at the highest level. See *Steel Co.*, 523 U. S., at 94-95; Fed. Rule Civ. Proc. 12(h)(3) ("Whenever it appears . . . that the court lacks jurisdiction of the subject matter, the court shall dismiss the action."); 28 U. S. C. § 1447(c) (1994 ed., Supp. III) ("If at any time before final judgment [in a removed case] it appears that the

584

*584 district court lacks subject matter jurisdiction, the case shall be remanded.").

> "Personal jurisdiction, on the other hand, "represents a restriction on judicial power . . . as a matter of individual liberty." *Insurance Corp. of Ireland v. Compagnie des Bauxites de Guinee,* 456 U. S. 694, 702 (1982). Therefore, a party may insist that the limitation be observed, or he may forgo that right, effectively consenting to the court's exercise of adjudicatory authority. See Fed. Rule Civ. Proc. 12(h)(1) (defense of lack of jurisdiction over the person waivable); *Insurance Corp. of Ireland,* 456 U. S., at 703 (same)." at 584.

> "These distinctions do not mean that subject-matter jurisdiction is ever and always the more "fundamental." Personal jurisdiction, too, is "an essential element of the jurisdiction of a district . . . court," without which the court is "powerless to

proceed to an adjudication." *Employers Reinsurance Corp. v. Bryant,* 299 U. S. 374, 382 (1937)" at 584.

The Watson's attacks both in personam jurisdiction and subject matter jurisdiction.

The Watson's contends, they have declared, stated, and recorded their personal political character, status and allegiance which removes them from the personal jurisdiction of the United States District Court for the Western District of Texas for all matters, and the Watson's contends the government cannot produce any evidence to show where the Watson's have knowingly, intentionally or voluntarily submitted to the personal jurisdiction of the United States of America, and/or the United States District Court for the Western District of Texas.

The Watson's also contend, the lack of a Constitutional authority to operate the United States District Court for the Western District of Texas outside of the territorial limits of the District of Columbia does not exist, and especially does not exist on the land of Texas, and especially does not exist over the class of people known as the "people of the United States," The Watson's contend the government cannot produce any evidence to show any such Constitutional authority allowing the subject matter jurisdiction of the United States of America, and/or the United States District Court for the Western District of Texas to exist on the land of Texas, being outside of the said District of Columbia, concerning the "people of the United States."

As *RUHRGAS AG,* authorizes the determination of the in personam jurisdiction before even the consideration of the subject matter jurisdiction, the Watson's hereby demand of this Court to hold an in personam jurisdiction hearing, for the simple reason, when the Court stated, "For a court to pronounce upon [the merits] when it has no jurisdiction to do so," *Steel Co.* declared, "is . . . for a court to act ultra vires." at 583.

THEREFORE, the Watson's demand this Court hold an in personam hearing, pursuant to the edits of the unanimous decision by the United States of America Supreme Court, as above cited and shown, followed if need be with a subject matter jurisdiction hearing.

Respectfully

*Richard Watson*
Richard Watson, politically as one of the "people of the United States"

*Cynthia Watson*
Cynthia Watson, politically as one of the "people of the United States"
23844 Tres Coronas Road
Spicewood, Texas 78669

## VERIFICATION

BEFORE ME THE UNDERSIGNED NOTARY PUBLIC, on this day, personally appeared Richard Watson, a man known to me. After I administered an oath to him, upon his oath, he said he read the above DEMANDS FOR IN PERSONAM JURISDICTION HEARING and that the facts stated, as a matter of fact, therein are within his personal knowledge and are true and correct.

*Richard Watson*
Richard Watson

SUBSCRIBED AND SWORN TO, before me the undersigned Texas Notary Public, on the __16__ day of June, 2016.

*Owen Mark Smith*
Notary Public - Signature

Owen Mark Smith
Notary Public - Printed Name
My Commission Expires on: __6-15-2019__

[Notary Seal: OWEN MARK SMITH, NOTARY PUBLIC, STATE OF TEXAS, EXPIRES 06-15-2019]

4

## VERIFICATION

BEFORE ME THE UNDERSIGNED NOTARY PUBLIC, on this day, personally appeared Cynthia Watson, a woman known to me. After I administered an oath to her, upon her oath, she said she read the above DEMANDS FOR IN PERSONAM JURISDICTION HEARING and that the facts stated, as a matter of fact, therein are within her personal knowledge and are true and correct.

_Cynthia Watson_
Cynthia Watson

SUBSCRIBED AND SWORN TO, before me the undersigned Texas Notary Public, on the __16__ day of June 2016.

_Owen Mark Smith_
Notary Public - Signature

__Owen Mark Smith__
Notary Public - Printed Name
My Commission Expires on: __6-15-2019__

## CERTIFICATE OF SERVICE

I, Richard Watson, hereby certify I placed a copy of this DEMANDS FOR IN PERSONAM JURISDICTION HEARING in the U.S. Mail, on the __20__ day of June, 2016, addressed:

Mark D. Cronenwett
14160 North Dallas Parkway, Suite 900
Dallas, Texas 75254

_Richard Watson_
Richard Watson