IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| DEUTSCHE BANK NATIONAL TRUST COMPANY, AS TRUSTEE FOR NEW CENTURY HOME EQUITY LOAN TRUST, SERIES 2005-C, ASSET BACKED PASS-THROUGH CERTIFICATES<br>  Plaintiff,<br><br>v.<br><br>CYNTHIA WATSON AND RICHARD WATSON<br>  Defendants. | § § § § § § § § § § § § § § | Civil Action No. 1:15-cv-823 |

**PLAINTIFF'S RESPONSE TO DEFENDANTS' DEMANDS
FOR IN PERSONAM JURISDICTION HEARING**

Plaintiff Deutsche Bank National Trust Company, as Trustee for New Century Home Equity Loan Trust, Series 2005-C, Asset Backed Pass-Through Certificates ("Plaintiff" or "Deutsche Bank") hereby files its *Response to Defendants' Demands for In Personam Jurisdiction Hearing*, and would show the Court as follows:

### I.  PERSONAL JURISIDCTION

1. Federal Rule of Civil Procedure 12(b) provides that "every defense to a claim for relief in any pleading must be asserted in the responsive pleading if one is required." A party may assert the defense of lack of personal jurisdiction by motion, but such motion must be made before pleading if a responsive pleading is allowed. FED. R. CIV. P. 12 and 12(b)(2). Such defense is waived by failing to include it in a responsive pleading or amendment as allowed by Rule 15(a)(1). FED. R. CIV. P. 12(h)(1)(B)(ii); *Kersh v. Derozier*, 851 F.2d 1509, 1511 (5th Cir. 1988). "[I]f the defense is a matter of personal jurisdiction, it has been waived by the [] failure to raise the defense in a Rule 12(b)(2) motion, or in [the] answer or amendment thereto permitted by

Rule 15(a) to be made as a matter of course." *Morgan Guaranty Trust Co. v. Blum*, 649 F.2d 342, 345 (5th Cir. 1981).

2. Here, Defendants have waived their objection to personal jurisdiction by failing to raise it in both their answer and amendment. On October 22, 2015, Defendants filed their *Original Answer*. (ECF No. 6.) In their responsive pleading, Defendants did not raise any objection to personal jurisdiction. *See id.* On November 19, 2015, Defendants filed their *Amended Original Answer*. (ECF No. 10.) Again, Defendants did not raise any objection to personal jurisdiction. *See id.* Because the objection to personal jurisdiction was not raised by Defendants in their answer and amendment, Defendants have waived their objection. *Morgan*, 649 F.2d at 345.

## II. SUBJECT-MATTER JURISDICTION

3. "The judicial power of the United States, shall be vested in one Supreme Court, and in such inferior courts as the Congress may from time to time ordain and establish." U.S. CONST. ART. III SEC. 1. "The judicial power shall extend to all cases, in law and equity… [including those] between citizens of different states." U.S. CONST. ART. III SEC. 2. The system of federal courts was established by Congress. *See* 28 U.S.C. § 1 *et seq.* Texas is divided into four judicial districts, among which is the Western District where this case is pending. 28 U.S.C. § 124. The Austin Division comprises several counties, including Travis County. *Id.* § 124(d)(1). "The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between citizens of different states." 28 U.S.C. § 1332(a)(1).

4. Here, the Court properly has subject-matter jurisdiction over this controversy between citizens of different states. Defendants are citizens of the state of Texas, residing at

23844 Tres Coronas Road, Spicewood, Texas 78669, which is specified as their address at the end of their pleading. (*See* ECF No. 27.) As pleaded in Plaintiff's *Original Complaint*, Deutsche Bank is a citizen of California for diversity purposes. (ECF No. 1 ¶ 1.) Because the outstanding amount owed and the value of the Property are both greater than $75,000, the amount in controversy requirement is met. *Farmers Bank of Alexandria v. Hooff*, 32 U.S. 168, 170 (1833); ECF No. 1 ¶ 4. Because this action is between citizens of different states and the amount in controversy exceeds $75,000, this Court has subject-matter jurisdiction. 28 U.S.C. § 1332(a)(1).

**WHEREFORE, PREMISES CONSIDERED,** Plaintiff Deutsche Bank prays that the Court declare that it has both personal and subject-matter jurisdiction in this case. Plaintiff further prays for any further relief to which it may be justly entitled.

Respectfully submitted,

By: */s/ Barry A. McCain*
**MARK D. CRONENWETT**
Texas Bar No. 00787303
mcronenwett@mwzmlaw.com

**BARRY A. McCAIN**
Texas Bar No. 24092787
bmccain@mwzmlaw.com

**MACKIE WOLF ZIENTZ & MANN, PC**
14160 N. Dallas Parkway, Suite 900
Dallas, Texas 75254
214-635-2650
214-635-2686 (Fax)

**ATTORNEYS FOR PLAINTIFF**

## CERTIFICATE OF SERVICE

I do hereby certify that I have caused a copy of the foregoing to be sent to the following via first class mail, on this the 5th day of July 2016:

Richard Watson
Cynthia Watson
23844 Tres Coronas Road
Spicewood, Texas 78669
*Pro se defendants*

                                         */s/ Barry A. McCain*
                                         **BARRY A. McCAIN**