IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| DEUTSCHE BANK NATIONAL TRUST COMPANY, AS TRUSTEE FOR NEW CENTURY HOME EQUITY LOAN TRUST SERIES 2005-C, ASSET BACKED PASS- THROUGH CERTIFICATES, | § § § § § § | |
| Plaintiff, | § § | 1:15-CV-823-RP |
| v. | § § | |
| RICHARD WATSON and CYNTHIA WATSON, | § § § § | |
| Defendants. | § § | |

**ORDER**

Before the Court is Defendants' Demands for In Personam Jurisdiction Hearing (Dkt. 27) and the responsive pleadings thereto. After reviewing the pleadings, the relevant law, and the factual record, the Court issues the following Order.

**I. Background**

Plaintiff Deutsche Bank National Trust Company, as Trustee for New Century Home Equity Loan Trust, Series 2005-C, Asset Backed Pass-Through Certificates ("Plaintiff" or "Deutsche Bank") filed this action against Cynthia Watson and Richard Watson ("Defendants"). Plaintiff seeks foreclosure pursuant to a lien securing the repayment of a debt. Plaintiff alleges that the outstanding amount owed on the debt at issue was at least $551,818.46 as of September 2, 2015.

**II. Personal Jurisdiction**

Federal Rule of Civil Procedure 12(b)(2) allows a defendant to assert lack of personal jurisdiction as a defense to suit. FED. R. CIV. P. 12(b)(2). However, the requirement of personal

1

jurisdiction can be waived. *Ins. Corp. of Ireland, Ltd. v. Compagnie des Bauxites de Guinee*, 456 U.S. 694, 703 (1982). The Federal Rules of Civil Procedure establish that a defendant waives the right to challenge personal jurisdiction by failing to include it in a responsive pleading or in an amendment allowed by Rule 15(a)(1). FED. R. CIV. P. 12(h)(1)(B). In the instant case, Defendants failed to include a challenge to personal jurisdiction in their Answer (Dkt. 6) or Amended Answer (Dkt. 10), thereby waiving the right to challenge Plaintiff's suit on that basis.

The Court recognizes that Defendants are proceeding pro se. However, as Defendants were previously admonished, pro se status does not excuse Defendants from compliance with the Federal Rules (Dkt. 12). Pro se litigants must comply with the pertinent rules of procedure and substantive law. *Houston v. Venneta Queen*, 606 F. App'x 725, 730 (5th Cir.) cert. denied sub nom. *Houston v. Queen*, 2015 WL 5310074 (Nov. 16, 2015).

### III. Subject Matter Jurisdiction

The U.S. Constitution provides that the judicial power of the United States "shall be vested in one Supreme Court, and in such inferior courts as the Congress may from time to time ordain and establish." U.S. CONST. art. III, § 1. The Constitution further provides that the judicial power "shall extend to all cases, in law and equity . . . [including those] between citizens of different states." U.S. CONST. art. III, § 2. Federal district courts have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between citizens of different states. 28 U.S.C. § 1332(a)(1).

A national bank is a citizen of the state in which its main office, as set forth in its articles of association, is located. 28 U.S.C. §1348(c); *Wachovia Bank, N.A. v. Schmidt*, 546 U.S. 303, 307 (2006). Deutsche Bank has its main office in California (Dkt. 1 ¶ 1). Therefore, Deutsche Bank is a citizen of California for purposes of the diverse citizenship inquiry.

For diversity purposes, a person is a citizen of the state in which he is domiciled. *Coury v. Prot*, 85 F.3d 244, 248 (5th Cir. 1996). A person's domicile is the place of one's true, fixed, and permanent home and principal establishment, and to which one has the intention of returning whenever one is absent therefrom. *Mas v. Perry*, 489 F.2d 1396, 1399 (5th Cir. 1974). In determining a litigant's domicile, the court must consider a variety of factors. *Coury*, 85 F.3d at 251. Among those are the places where the litigant owns real and personal property and maintains a home for his family. *Id.* Plaintiffs allege that Defendants in this case are citizens of the state of Texas residing at 23844 Tres Coronas Road, Spicewood, Texas 78669 (Dkt. 1 ¶¶ 2-3). Because Defendants specified that address in the instant pleading and have not filed a reply challenging that allegation, the Court is satisfied that Defendants may be considered citizens of Texas for purposes of the diversity analysis.[1]

Plaintiff alleges that the outstanding amount owed by Defendant is at least $551,818.46. Because this action is between citizens of different states and the amount in controversy exceeds $75,000, this Court properly has subject-matter jurisdiction. 28 U.S.C. § 1332(a)(1).

### IV. Conclusion

Pursuant to the above analysis, the Court hereby **DENIES** Defendants' demand that the Court hold a hearing on personal jurisdiction or subject-matter jurisdiction.

**SIGNED** on July 19, 2016.

_____
ROBERT PITMAN
UNITED STATES DISTRICT JUDGE

---

[1] A challenge to a federal court's subject-matter jurisdiction may be made at any stage of the proceedings, and the court should raise the question *sua sponte*. *Kontrick v. Ryan*, 540 U.S. 443, 455 (2004). If Defendants wish to prevent evidence that they are not domiciled in Texas, they should file such a motion with the Court.