IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| DEUTSCHE BANK NATIONAL TRUST COMPANY, AS TRUSTEE FOR NEW CENTURY HOME EQUITY LOAN TRUST SERIES 2005-C, ASSET BACKED PASS- THROUGH CERTIFICATES, | § § § § § § | |
| Plaintiff, | § | 1:15-CV-823-RP |
| v. | § § § | |
| RICHARD WATSON and CYNTHIA WATSON, | § § § | |
| Defendants. | § § | |

## ORDER

Before the Court is Defendants' Motion to Strike Order and Renewed Demand for In Personam Jurisdiction Hearing, (Dkt. 34), which seeks relief from the Court's order denying Defendants' Demands for In Personam Jurisdiction Hearing, (Dkt. 31). Having reviewed the pleadings, the relevant law, and the factual record, the Court hereby **DENIES** Defendants' motion.

### I. Background

Plaintiff Deutsche Bank National Trust Company, as Trustee for New Century Home Equity Loan Trust, Series 2005-C, Asset Backed Pass-Through Certificates ("Plaintiff" or "Deutsche Bank") filed this action against Cynthia Watson and Richard Watson ("Defendants"). Plaintiff seeks foreclosure pursuant to a lien securing the repayment of a debt. Plaintiff alleges that the outstanding amount owed on the debt at issue was at least $551,818.46 as of September 2, 2015.

## II. Standard of Review

The instant motion does not identify the Federal Rule of Civil Procedure through which Defendants seek relief. However, Defendants are proceeding pro se in this action. The Court is thus mindful of the obligation to construe their pleadings liberally. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (a document filed pro se is "to be liberally construed"); *Haines v. Kerner*, 404 U.S. 519, 520–21 (1972) (pro se pleadings are properly afforded liberal construction). As such, the Court construes the instant motion as a motion for reconsideration.

The Federal Rules of Civil Procedure do not recognize a "motion for reconsideration" by that name. *Lavespere v. Niagara Mack & Tool Works, Inc.*, 910 F.2d 167, 173 (5th Cir. 1991). However, the Fifth Circuit has held that a motion for reconsideration should be treated as a motion to alter or amend judgment under Rule 59(e) if it is filed within twenty-eight days of the judgment at issue; otherwise, it is considered a motion for relief under Rule 60(b). *Shepherd v. Int'l Paper Co.*, 372 F.3d 326, 328 n.1 (5th Cir. 2004).[1] This Court rendered its order regarding Defendants' Demands for In Personam Jurisdiction Hearing on July 20, 2016. (Dkt. 31). Defendants filed the instant motion on September 26, 2016. (Dkt. 34). The motion to reconsider must therefore be evaluated under Rule 60(b), which permits a district court to relieve a party of a final judgment, order, or proceeding for the following reasons:

> (1) mistake, inadvertence, surprise, or excusable neglect;
> (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
> (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
> (4) the judgment is void;
> (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
> (6) any other reason that justifies relief.

---

[1] In *Shepherd*, the Fifth Circuit held that a motion for reconsideration should be considered a Rule 59(e) motion if filed within ten days of the order in question. *Shepherd*, 372 F.3d at 328 n.1. The 2009 amendments to the Federal Rules changed Rule 59(e)'s deadline to 28 days. Fed. R. Civ. P. 59(e).

### III. Discussion

Defendants' motion for reconsideration complains that the Court's order denying their initial request for a hearing on personal jurisdiction is "violative of [their] substantive rights." Defendants do not, however, make any allegations that would give rise to relief under Rule 60(b). As such, they are not entitled to relief from the Court's initial order.

### IV. Conclusion

The decision to grant or deny relief under Rule 60(b) "lies within the sound discretion of the district court." *Williams v. Thaler*, 602 F.3d 291, 291 (5th Cir. 2010). As such, and for the reasons stated herein, the Court hereby **DENIES** Defendants' Motion to Strike Order and Renewed Demand for In Personam Jurisdiction Hearing (Dkt. 34).

**SIGNED** on September 27, 2016.

_____
ROBERT PITMAN
UNITED STATES DISTRICT JUDGE