IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| DEUTSCHE BANK NATIONAL TRUST COMPANY, AS TRUSTEE FOR NEW CENTURY HOME EQUITY LOAN TRUST SERIES 2005-C, ASSET BACKED PASS-THROUGH CERTIFICATES, | § § § § § § | |
| Plaintiff, | § § | 1:15-CV-823-RP |
| v. | § § | |
| RICHARD WATSON and CYNTHIA WATSON, | § § § | |
| Defendants. | § § | |

**ORDER**

Before the Court in the above-entitled matter is Plaintiff's Motion for Summary Judgment, (Dkt. 33); Defendants' Notice of Violations of 28 U.S.C. § 2072(b), (Dkt. 37); and Plaintiff's Motion to Strike Defendants' Untimely Filed Motions, (Dkt. 39). Having reviewed the filings, the relevant law, and the factual record, the Court hereby issues the following Order.

**I. Background**

Plaintiff Deutsche Bank National Trust Company, as Trustee for New Century Home Equity Loan Trust, Series 2005-C, Asset Backed Pass-Through Certificates ("Plaintiff" or "Deutsche Bank") filed this action against Cynthia Watson and Richard Watson ("Defendants") seeking foreclosure pursuant to a lien securing the repayment of a debt. (Dkt. 1). Plaintiff alleges that the outstanding amount owed on the debt at issue was at least $551,818.46 as of September 2, 2015. (*Id.* ¶ 4).

Plaintiff filed the instant Motion for Summary Judgment on August 19, 2016. (Dkt. 33). In support of its motion, Plaintiff submitted the affidavit of Melvin L. Laurel, (Dkt. 33-1, Ex. A); a note

executed by Defendants and dated October 26, 2005, (Dkt. 33-1, Ex. A-1); a deed of trust executed

by Defendants and dated October 26, 2005, (Dkt. 33-1, Ex. A-2); a notice of default dated

September 24, 2014, (Dkt. 33-1, Ex. A-3); a notice of acceleration dated September 10, 2014, (Dkt.

33-1, Ex. A-4); and a payoff statement current as of April 25, 2016, (Dkt. 33-1, Ex. A-5).

Defendants' response to Plaintiff's motion for summary judgment was due September 2,

2016. (*See* W.D. Tex. Local R. CV-7(e) (requiring a party opposed to a motion to respond within 14

days of service of the motion and allowing the district court to grant the motion as unopposed if no

timely response is filed)). Defendants did not respond, and Plaintiff filed a Notice of No Response

on September 29, 2016. (Dkt. 36).

On October 13, 2016, Defendants filed a Notice of Violations of 28 U.S.C. § 2072(b), which

largely resembles previous filings by Defendants in stating that Defendants "give no consent to this

Court or the process of this Court without the guaranteed fundamental rights being enforced by the

Court at all times." (Defs.' Notice Violations, Dkt. 37, at 2). Defendants' filing included a declaration

by Marla Giddings, a professional with experience in the mortgage and banking industry, which

alleges that the note and mortgage in question were never transferred to Plaintiff. (Decl. Marla

Giddings, Dkt. 37, at 6–16). Defendants' notice to the Court concluded by arguing that "Plaintiff's

'Notice of No Response to Plaintiff's Motion for Summary Judgment' . . . should be stricken from

the record." (Defs.' Notice Violations, Dkt. 37, at 3).

On October 27, 2013, Plaintiff filed a Motion to Strike Defendants' Untimely Filed Motions.

(Dkt. 39). That motion argues that if Defendants' Notice of Violations was intended to serve as

Defendants' response to Plaintiff's Motion for Summary Judgment, it was filed forty-one days after

the expiration of the response deadline. (Mot. Strike, Dkt. 39, ¶ 7). Alternatively, if the Notice of

Violations was intended to serve as Defendants' own motion for summary judgment, it was filed

fifty-five days after the expiration of the dispositive motions deadline in this case. (*Id.* ¶ 8).

## II. Legal Standards

Facts alleged in complaints are "admitted if a responsive pleading is required and the allegation is not denied." Fed. R. Civ. P. 8(b)(6).

Summary judgment is appropriate under Rule 56 of the Federal Rules of Civil Procedure only "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A dispute is "genuine" only if the evidence is such that a reasonable jury could return a verdict for the nonmoving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 254 (1986). "A fact issue is 'material' if its resolution could affect the outcome of the action." *Poole v. City of Shreveport*, 691 F.3d 624, 627 (5th Cir. 2012).

The party moving for summary judgment bears the initial burden of "informing the district court of the basis for its motion, and identifying those portions of [the record] which it believes demonstrates the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). "[T]he moving party may [also] meet its burden by simply pointing to an absence of evidence to support the nonmoving party's case." *Boudreaux v. Swift Transp. Co.*, 402 F.3d 536, 544 (5th Cir. 2005). The burden then shifts to the nonmoving party to establish the existence of a genuine issue for trial. *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 585–87 (1986); *Wise v. E.I. Dupont de Nemours & Co.*, 58 F.3d 193, 195 (5th Cir. 1995). "After the non-movant has been given the opportunity to raise a genuine factual issue, if no reasonable juror could find for the non-movant, summary judgment will be granted." *Miss. River Basin Alliance v. Westphal*, 230 F.3d 170, 174 (5th Cir. 2000).

The parties may satisfy their respective burdens by tendering depositions, affidavits, and other competent evidence. *Topalian v. Ehrman*, 954 F.2d 1125, 1131 (5th Cir. 1992). The Court will view this evidence in the light most favorable to the non-movant, *Rosado v. Deters*, 5 F.3d 119, 122

(5th Cir. 1993), and should "not make credibility determinations or weigh the evidence." *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 150 (2000).

Pursuant to the Local Rules, responses to motions for summary judgment must be filed within 14 days. W.D. Tex. Local R. CV-7(e)(2). The Court recognizes that Defendants are proceeding pro se. However, as Defendants were previously and repeatedly admonished,[1] pro se litigants must comply with the pertinent rules of procedure and substantive law. *Houston v. Venneta Queen*, 606 F. App'x 725, 730 (5th Cir. 2015) *cert. denied sub nom. Houston v. Queen*, 136 S.Ct. 503 (Nov. 16, 2015). Moreover, the Court's scheduling order in this case made clear that any response to a dispositive motion should be filed and served not later than 14 days after service of the motion. (Sched. Order, Dkt. 20, ¶ 8).

Because this case comes before the Court on the basis of diversity jurisdiction, the Court applies Texas substantive law to the following analysis. 28 U.S.C. § 1332; *Westerman v. Sears, Roebuck & Co.*, 577 F.2d 873, 879 (5th Cir. 1978) (citing *Erie R.R. Co. v. Tompkins*, 304 U.S. 64 (1938)).

### III. Discussion

In its complaint, Plaintiff seeks judgment allowing it to proceed with judicial foreclosure. (Compl., Dkt. 1, at 5). To foreclose under a deed of trust with a power of sale, Texas law requires the lender or its assignee to demonstrate that: (1) a debt exists; (2) the debt is secured by a lien created under Art. 16, § 50(a)(6) of the Texas Constitution; (3) the borrower is in default under the note and security instrument; and (4) the lender has properly served the borrower with notice of default and, if applicable, notice of acceleration. Tex. Prop. Code. § 51.002(d); *Huston v. U.S. Bank Nat'l Ass'n*, 988 F. Supp. 2d 732, 740 (S.D. Tex. 2013), *aff'd*, 583 Fed. App'x. 306 (5th Cir. 2014).

---

[1] *See* Order Denying Plaintiff's Motion to Strike, Dkt. 12, at 3.

A.       **Motion for Summary Judgment**

Because the facts alleged in Plaintiff's complaint were not denied in Defendants' answer,[2] the

Court reviews those facts and the other papers on file in this cause in considering whether Plaintiff

has shown it is entitled to judgment as a matter of law.

1.   *Conditions Precedent*

The uncontested evidence establishes that a debt exists and that the debt is secured by a lien

created under Art. 16, § 50(a)(6) of the Texas Constitution. Specifically, the record establishes that

Defendants executed a promissory note ("Note") in the principal amount of $565,000.000 in favor

of Home123 Corporation ("Home123"), as lender on a loan secured by the property commonly

known as 23844 Tres Coronas Road, Spicewood, Texas 78669 ("Property"). (Compl., Dkt. 1, ¶¶ 7–

8; Pl.'s Mot. Summ. J., Dkt. 33, Exs. A, A-1). Defendants concurrently executed a deed of trust

("Deed of Trust") that secured payment of the note with a lien on the Property. (Compl., Dkt. 1,

¶¶ 7–8; Pl.'s Mot. Summ. J., Dkt. 33, Exs. A, A-2).

The record also establishes that the borrower is in default under the Note and Security

Instrument and that the lender has properly served the borrower with notice of default and notice of

acceleration. Under the terms of the Note and Deed of Trust, Defendants were required to pay

when due the principal and interest on the debt evidenced by the Note. (Compl., Dkt. 1, ¶ 10; Pl.'s

Mot. Summ. J., Dkt. 33, Exs. A, A-1). A failure to pay the full amount of each monthly payment on

the date it was due constituted a default under the terms of the Note. (Compl., Dkt. 1, ¶¶ 10– 12;

Pl.'s Mot. Summ. J., Dkt. 33, Ex. A-1 ¶ 6(B)). The Watsons defaulted on the Note by failing to make

their payments when due. (Compl., Dkt. 1, ¶ 12; Pl.'s Mot. Summ. J., Dkt. 33, Ex. A). In the event

of a default, the terms of the Note and Deed of Trust allow for acceleration of all sums due under

the Note and for foreclosure of the lien. (Compl., Dkt. 1, ¶ 11; Pl.'s Mot. Summ. J., Dkt. 33, Ex. A-1

---

[2] Alleged facts are "admitted if a responsive pleading is required and the allegation is not denied."
Fed. R. Civ. P. (8)(b)(6).

¶ 6(C)). Specifically, upon a default under the terms of the Note, the Note provides that Plaintiff may "send [Defendants] a written notice telling [them] that if [they] do not pay the overdue amount by a certain date, the Note Holder may require [Defendants] to pay immediately the full amount of Principal which has not been paid and all the interest that [Defendants] owe on that amount." (Pl.'s Mot. Summ. J., Dkt. 33, Ex. A-1 ¶ 6(C)).

On September 24, 2014, a notice of default and intent to accelerate was sent to Defendants at the Property address, which was their last known mailing address at that time. (*Id.* at Exs. A, A-3). The Watsons did not cure the default. (*Id.* at Ex. A). On September 10, 2015, the maturity of the debt was accelerated by mailing a notice of acceleration to the Watsons at the Property address. (*Id.* at Exs. A, A-4). As of April 25, 2016, the total amount due under the terms of the Note and Deed of Trust was at least $580,663.05. (*Id.* at Exs. A, A-5).

    2. *Whether Plaintiff is the Proper Party to Enforce Available Remedies*

Plaintiff alleges that it is entitled to proceed with foreclosure as a "mortgagee," as that term is defined in Chapter 51 of the Texas Property Code. This Court agrees. The Texas Property Code provides that "[m]ortgagee means: (A) the grantee, beneficiary, owner, or holder of a security instrument; (B) a book entry system; or (C) if the security interest has been assigned of record, the last person to whom the security interest has been assigned of record." Tex. Prop. Code § 51.0001(4). Plaintiff qualifies as a mortgagee as owner and holder of the Note and as beneficiary of the Deed of Trust. (Compl., Dkt. 1 ¶ 9; Def.'s Mot. Summ. J., Dkt. 33, Ex. A ¶ 4, A-1).

Plaintiff's evidence, therefore, satisfies the elements for a judgment of judicial foreclosure.

**B.    Motion to Strike**

Federal Rule of Civil Procedure 16(b) requires the Court to enter a scheduling order limiting the time to file motions. Fed. R. Civ. P. 16(b)(3)(A). A scheduling order may be modified only for good cause and with the judge's consent, Fed. R. Civ. P. 16(b)(4), which "requires [a party] to give a

persuasive reason why the dates originally set by the scheduling order for the filing of dispositive motions could not 'reasonably be met despite the diligence of the party seeking the extension.'" *Argo v. Woods*, 399 F. App'x 1, 3 (5th Cir. 2010). Defendants did not request leave of court to file their Notice of Violations, which was at least forty-one days late. (*See generally* Notice Violations, Dkt. 37). Indeed, the Notice of Violations was not filed until two weeks after Plaintiff's Notice of No Response. (*See generally id.*; Notice No Resp., Dkt. 36).

The Court recognizes that Defendants are proceeding pro se. However, as Defendants were previously and repeatedly admonished, pro se litigants must comply with the pertinent rules of procedure and substantive law. *Houston v. Venneta Queen*, 606 F. App'x 725, 730 (5th Cir. 2015) *cert. denied sub nom. Houston v. Queen*, 136 S.Ct. 503 (Nov. 16, 2015). Moreover, the Court's scheduling order in this case identified the dispositive motions deadline and made clear that any response to a dispositive motion should be filed and served not later than 14 days after service of the motion. (Sched. Order, Dkt. 20, ¶ 8). As such, Plaintiff's Notice of Violation is untimely and should be stricken.

### IV. Conclusion

For the reasons detailed above, the Court hereby **GRANTS** Plaintiff's Motion to Strike Defendants' Untimely Filed Motions, (Dkt. 39). Plaintiff has shown that there is a no genuine dispute as to any material fact and that it is entitled to judgment as a matter of law. As such, the Court hereby **GRANTS** Plaintiff's Motion for Summary Judgment, (Dkt. 33).

**SIGNED** on November 1, 2016.

ROBERT PITMAN
UNITED STATES DISTRICT JUDGE